DANNY J. BOGGS, Circuit Judge,
concurring in part and dissenting in part.
I agree with the majority opinion that the plaintiffs hearing “racially-oriented comments” by a fellow worker did not constitute protected activity, even if they made the plaintiff uncomfortable. However, with respect to the portion of the opinion reversing as to the second grounds for plaintiffs allegation of retaliation for protected activity, I do not agree. As the majority correctly notes, “Trujillo could not identify specifically which comments of Rollins he related to” the vice-president of human relations, but only that he “sai[d] something to her about Rollins’s continued — I say continued because it happened more than once — choice to say inappropriate or derogatory things about other races.” (Maj. Op. at 653)
If the plaintiff had complained that such comments constituted discrimination against him, I would have no quarrel with the majority opinion. If plaintiff had in any way intimated that such remarks could constitute discrimination against other people in the company, I would concur. However, plaintiff himself said: “I kind of was just venting. I was not intending for her to take action.” Plaintiffs brief says that this conversation was opposition to hostile work-environment discrimination, but plaintiffs complaint and deposition make no such connection. Not every casual remonstrance against bad language equates to complaining of illegal discrimination.
On balance, then, I think Judge Battani did not err in holding that this single, offhand remark was an “act of opposition to discrimination ” rather than a casual “heads-up” to higher management that Rollins was being a jerk and potentially a problem.
Therefore, I respectfully dissent from the portion of the majority opinion reversing that aspect of the district court’s decision.